IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN MONSALVE, | : | No. 4:CV-05-2044 |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| WARDEN TROY WILLIAMSON, | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

November 28, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The petitioner, Juan Monsalve ("Petitioner"), an inmate incarcerated at the United States Penitentiary, Allenwood, ("USP-Allenwood"), filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 on October 7, 2005. Petitioner challenges disciplinary proceedings initiated against him in May 2000 while confined at the Metropolitan Correctional Center in New York, New York.

The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review. Thereafter, on December 17, 2004, Magistrate Judge Mannion issued a report recommending that the Petition for Habeas Corpus be denied because the Petitioner does not challenge the "fact or duration" of his confinement, but challenges the procedures leading up to and during his

1

disciplinary hearing. (See Rep. & Rec. at 3).

Objections to Magistrate Judge Mannion's Report were due November 17, 2005.  On November 10, 2005, Petitioner filed objections to the Magistrate Judge's Report.  This matter is now ripe for disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL AND PROCEDURAL BACKGROUND:**

On May 18, 2005, a correctional officer at Metropolitan Correction Center entered Petitioner's cell and found a institution t-shirt stuffed with clothing under

the bed.  It was the officer's opinion that the t-shirt had the "look and feel of an upper torso of a human being," and was "the start of a dummy, which is commonly used in escapes or escape attempts."  (Rec. Doc. 1, Incident Report).  Petitioner admitted that the stuffed t-shirt was his, but claimed that he was merely using the shirt to hold his dirty laundry because he did not possess a laundry bag.  Petitioner claims he had stuffed the t-shirt with the dirty laundry only five minutes before the officer's arrival in his cell, and that the t-shirt was not concealed under the bed, but was placed next to the bed.

An investigation of the incident was conducted on May 24, 2000.  The investigator noted that there were three empty laundry bags in the cell, and therefore concluded that Petitioner's assertion that the t-shirt was being used for a laundry bag was untruthful.

Thereafter, Petitioner was charged with Attempted Escape from a Secure Institution.[1]  At Petitioner's disciplinary hearing, he was found guilty of the charge and given 60 days visiting restriction and 45 days of segregated housing.

Petitioner filed the Petition on October 7, 2005.  The Petition was filed in response to the disciplinary action taken against the Petitioner in May of 2000.  In

---

[1] The charge against Petitioner was apparently changed to Possesion of Escape Paraphernalia.  (Rec. Doc. 1, Attachment at 3).

his Petition, Petitioner claims that he was not provided with a detention order within twenty-four hours after the alleged incident; he was not provided a copy of the incident report within twenty-four hours of the alleged incident; and the Unit Disciplinary Committee did not convene to consider the charge within three working days of the incident.  Further, Petitioner claims that his disciplinary hearing was held outside of the appropriate time period, with no extension of time sought by the Warden; the incident that he was charged and found guilty of by the disciplinary hearing officer ("DHO") does not exist in the prison regulations; he was prevented from calling witnesses or presenting evidence; he was denied the right to review the evidence against him; and the DHO failed to make specific findings of fact with regard to the charged incident.  Based upon these claims set forth in the Petition, Petitioner seeks the "removal, withdrawal and expungement of the May 18, 2000 Incident Report from his files" and "reclassification based on [the] removal or expungement of the May 18, 2000 [Incident Report]." (Rep. & Rec. at 3).  Magistrate Judge Mannion issued a Report and Recommendation on October 28, 2005.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation on November 10, 2005.  Therefore, the Report and Recommendation is ripe for our review.

**DISCUSSION:**

Magistrate Judge Mannion recommends that the Petition be dismissed because it was inappropriately filed as a petition for writ of habeas corpus. Magistrate Judge Mannion notes that habeas corpus petitions are the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). Further, Magistrate Judge Mannion reasons that the Petition challenges the procedures leading up to and during Petitioner's disciplinary hearing, and therefore the Petition does not "challenge the very fact or duration of the confinement itself." Leamer v. Fauver, 288 F. 3d 532 (3d Cir. 2002). Magistrate Judge Mannion explains that the instant action should have been filed as a civil rights action in the United States District Court for the Southern District of New York, which is where the contested incident occurred. (See Rep. & Rec. at 3).

It is well settled that relief by way of writ of habeas corpus is quite limited. See Leamer, 288 F.3d at 540.[2] The language of §§ 2241 and 2254 coupled with a reading of the common-law history of the writ indicates that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."

---

[2] Petitioner objects to Magistrate Judge Mannion's reliance on Leamer because the case arose out of a §1983 action. We note that the case is relevant and precedential to the extent it discusses the differences between habeas relief and §1983 relief.

Preiser, 411 U.S. at 484. Moreover, a "§1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499.

It is apparent to us from the claims set forth in the Petition and the relief requested that a habeas corpus petition is an inappropriate mechanism for settling Petitioner's claims arising from the May 18, 2000 disciplinary incident at the Metropolitan Correction Center. Petitioner is not attacking the "fact or length" of his sentence inasmuch as he is not attacking the underlying conviction that caused him to be incarceration at the Metropolitan Correction Center. Instead, Petitioner is attacking the "conditions of prison life," by means of attacking the circumstances surrounding his disciplinary incident. Furthermore, we agree with Magistrate Judge Mannion that Petitioner may properly assert his claims by filing a §1983 action in the United States District Court for the Southern District of New York, which is where the alleged incident giving rise to Petitioner's claims took place.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 5) issued on October 28, 2005 by Magistrate Judge Mannion is adopted in its entirety for the reasons cited herein.

2.　　The Petition for Habeas Corpus is denied.

3.　　The Clerk is directed to close the file on this case.


　　　　　　　　　　　　　　　　<u>s/ John E. Jones III</u>
　　　　　　　　　　　　　　　　John E. Jones III
　　　　　　　　　　　　　　　　United States District Judge